UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SHERMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>ATRIA SENIOR LIVING, INC.,<br><br>   Defendant. | No. 2:20-cv-02460-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Amanda Sherman ("Plaintiff") seeks to recover from her former employer, Defendant Atria Senior Living, Inc. ("Defendant"), for injuries sustained when she was purportedly wrongfully terminated based on her military deployment. Presently before the Court is Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 23), Plaintiff's Motion for Judgment on the Pleadings (ECF No. 20), and Plaintiff's Motion to Strike New Issues Raised in Defendant's Reply to its Motion to Compel (ECF No. 31). For the reasons set forth below, Defendant's Motion to Compel is GRANTED, Plaintiff's Motion for Judgment on the Pleadings is DENIED as moot, and her Motion to Strike is DENIED.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

## STANDARD

"The [Federal Arbitration Act ("FAA")] was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011). Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA "reflect[s] . . . a 'liberal federal policy favoring arbitration.'" Concepcion, 131 S. Ct. at 1745 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). At the same time, however, § 2 reflects "the 'fundamental principle that arbitration is a matter of contract.'" Id. (quoting Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010)). "[Section] 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims, 'in accordance with the terms of the agreement'; and § 4 requires courts to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement . . . ." Id. at 1748.

Thus, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4) (emphasis in original). "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 475 (9th Cir. 1991). "Moreover, the scope of an arbitration clause must be interpreted liberally and 'as a matter of federal law, any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration.'" Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (quoting Moses H. Cone, 460 U.S. at 24; Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1144 (9th Cir. 1991); French v. Merrill Lynch, 784 F.2d 902, 908 (9th Cir. 1986)).

Thus, "[a]n order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

In determining whether to compel arbitration, the court may not review the merits of the dispute. Instead, the court must limit its inquiry to three steps: (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce; (2) whether there exists a valid agreement to arbitrate; and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. Standard Fruit, 937 F.2d at 476-78.

## ANALYSIS

Defendant seeks to compel Plaintiff to arbitrate her claims against it on the basis that she entered valid arbitration agreement in connection with her employment agreeing to do so. In support of its Motion, Defendant submitted a copy of a "Agreement to Arbitrate," which contains Plaintiff's electronic signature, and provides:

> Agreement to Arbitrate. You and Atria Senior Living, Inc. and/or one of its wholly-owned subsidiaries (including their former, current, and/or future parents, subsidiaries, affiliates, divisions, related corporations, limited liability companies, partnerships, insurers, successor and predecessor entities, and each of their respective current and former employees, directors, officers, shareholders, partners, members, agents, attorneys, contractors, and representatives) (the "Company") agree to use binding arbitration, instead of going to court, for any "Covered Claims" (as defined below) that arise or have arisen between you and the Company. Your acceptance of your offer of employment with the Company is acceptance of this Arbitration Agreement.
>
> Except as noted below, the Covered Claims under this Agreement are any disputes arising out of or in any way related to your employment (including the formation of and any separation from employment) with the Company.
>
> You understand and agree that arbitration is the only litigation forum for resolving Covered Claims, and that you are waiving

> the right to a trial before a judge or jury in federal or state court in favor of arbitration. In accordance with this Agreement, the Arbitrator shall have the authority to award the same relief that would have been available in court pursuant to the law governing your Covered Claim(s).

Decl. of Julie Goetz, ECF No. 23-7, ¶ 15, Ex. A.  In opposing Defendant's Motion, however, Plaintiff contends that consent to arbitrate has not been established, that the agreement is unconscionable in any event, and, finally, that it fails the strict notice requirements required under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

### A.   Defendant Has Established That An Agreement To Arbitrate Exists.

While the FAA expresses a strong public policy in favor of enforcing arbitration agreements, that policy only becomes relevant if there is an arbitration agreement to be enforced in the first place. Baker v. Osborne Dev. Corp., 159 Cal. App. 4th 884, 892 (2008).  "[T]he question of whether a party is bound by an agreement containing an arbitration provision is a 'threshold question' for the court to decide." Microchip Tech. Inc. v. U.S. Philips Corp., 367 F.3d 1350, 1357 (Fed. Cir. 2004) (citing John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543 (1964)) (applying Ninth Circuit law).  In determining whether an agreement to arbitrate exists, the district court "appl[ies] general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996); see also Pokorny v. Quixtar, Inc., 601 F.3d 987, 994 (9th Cir. 2010).

Because the existence of an arbitration agreement is a statutory prerequisite to granting a petition to compel arbitration, the party seeking to enforce the agreement bears the burden of proving the agreement exists by a preponderance of the evidence. Rosenthal v. Great W. Fin. Secs. Corp., 14 Cal. 4th 394, 413 (1996).  "When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard of Federal Rule of Civil Procedure 56." Concat LP, 350 F. Supp. 2d at 804 (quoting McCarthy v. Providential Corp., No. C 94-0627 FMS, 1994 WL 387852,

1  at *2 (N.D. Cal. July 19, 1994)). "Only when there is no genuine issue of material fact
2  concerning the formation of an agreement should a court decide as a matter of law that
3  the parties did or did not enter into such an agreement." Id. (citing Three Valleys Mun.
4  Water Dist., 925 F.2d at 1141).

5  Under California law, "'[g]eneral principles of contract law determine whether the
6  parties have entered into a binding agreement to arbitrate.'" Sefarin v. Balco Properties
7  Ltd., LLC, 235 Cal. App. 4th 165, 173 (2015) (quoting Museum Tower Assn. v. Pinnacle
8  Market Development (US) LLC, 55 Cal. 4th 223, 236 (2012)). Thus, the essential
9  element of mutual assent of the parties to be bound by the terms of the contract must be
10 established for a valid arbitration agreement to exist. Id. (citing Donovan v. RRL Corp.,
11 26 Cal. 4th 261, 270 (2001)). Further, mutual assent of the parties to contract must be
12 communicated by each party to one another. Cal. Civ. Code. § 1565. "Mutual assent is
13 determined under an objective standard appl[ied] to the outward manifestations or
14 expressions of the parties, i.e., the reasonable meaning of their words and acts, and not
15 their unexpressed intentions or understandings." Id. (quoting Alexander v. Codemasters
16 Group Limited, 104 Cal. App. 4th 129, 141 (2002)).

17 According to Plaintiff, she cannot be held to the terms of the arbitration agreement
18 because she "adamantly denies ever being presented with, seeing, receiving, or signing
19 an arbitration agreement, and Atria makes no claims about any conduct by Ms. Sherman
20 that manifested her assent." ECF No. 25 at 5. The problem with this argument is that
21 Defendant provides ample evidence that Plaintiff was the only one that could access its
22 password protected system to apply her electronic signature to the arbitration agreement
23 and that she did so during onboarding. Goetz Decl., ECF No. 23-7, 7-18, Ex. A. This
24 evidence is persuasive, and Plaintiff's bald and unsupported assertions that she did not
25 sign the agreement or does not remember doing so are insufficient to establish any
26 ///
27 ///
28 ///

1 legitimate question as to whether she assented to it.  See Sherman Decl., ECF No. 25-2,
2 at 13-18.²

### B. The Agreement Is Not Unconscionable.

4 The California Supreme Court has held that an arbitration agreement may be unconscionable unless it includes basic procedural and remedial protections so that a claimant can effectively pursue his or her rights.  Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (2000).  According to the Armendariz court, a valid employment arbitration agreement must 1) provide for a neutral arbitrator; 2) provide for more than minimal discovery; 3) require a written award; 4) provide for all of the types of relief that would otherwise be available in court; and 5) not require employees to pay either unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum.  Id. at 102.  All of these requirements are met here.

14 The agreement expressly requires appointment of a neutral arbitrator and incorporates the American Arbitration Association Rules.  It also provides for adequate discovery.  Although the agreement limits initial discovery to one (1) interrogatory, twenty-five (25) requests for production of documents, and a maximum of two (2) eight-hour depositions of witnesses, it nonetheless permits the arbitrator to expand these limitations, which undermines Plaintiff's argument.  The agreement mandates that a written decision shall be issued, does not limit the relief available to Plaintiff, and requires Defendant to pay all costs of arbitration.  Both parties are bound by the agreement and its terms apply equally to both sides.  The Court thus concludes Plaintiff has failed to show that the agreement is unenforceable due to unconscionability.

---

² Given this, the Court need not consider whether her consent may also be implied, although given how clear it is that Plaintiff received the arbitration agreement, this argument would likely favor granting Defendant's Motion as well.  See Diaz v. Sohnen Enterprises, 34 Cal. App. 5th 126, 130 (2019) ("[W]hen an employee continues his or her employment after notification that an agreement to arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement."); see also, Harris v. TAP Worldwide, LLC, 248 Cal. App. 4th 373, 383-84 (2016); Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev., 55 Cal. 4th 223, 236 (2012); and Craig v. Brown & Root, Inc. 84 Cal. App. 4th 416, 420 (2000).  Since Plaintiff's Motion to Strike New Issues was directed at countering this argument, it is DENIED.

### C. Plaintiff's USERRA Claims Are Arbitrable And The Agreement Does Not Waive Any Of Her Statutory Rights.

The Ninth Circuit has previously held that USERRA claims are arbitrable. Ziober v. BLB Resources, Inc., 839 F.3d 814, 820 (9th Cir. 2016). That court made clear that no substantive protections were lost by arbitrating such claims. Id. at 818. Accordingly, Plaintiff's arguments to the contrary are rejected.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 23) is GRANTED, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 20) is DENIED as moot, and Plaintiff's Motion to Strike New Issues Raised in Defendant's Reply to its Motion to Compel (ECF No. 31) is DENIED. This case is hereby STAYED pending resolution of Plaintiff's individual claims before the arbitrator. Not later than sixty (60) days following the date this Memorandum and Order is electronically filed, and every sixty (60) days thereafter, the parties are directed to file a Joint Status Report, advising the Court as to the status of those arbitration proceedings.

IT IS SO ORDERED.

Dated: September 27, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE